IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

   Plaintiff,

  v.

JAMES N. HATTEN, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

OPINION AND ORDER

     This is a pro se civil action against the Clerk of this Court and various judges of this Court and the Eleventh Circuit Court of Appeals and others. It is before the Court on the Plaintiff William Windsor's Motion to Modify Injunction [Doc. 225]. As a result of the Plaintiff's overly burdensome, vexatious, and frivolous litigiousness, this Court previously issued an injunction prohibiting the Plaintiff from filing any further actions without prior approval from a federal district court. The Plaintiff complains that the injunction is overly broad, and now petitions the Court to modify it in four ways, in order to clarify that 1) appeals of existing cases are not covered, 2) approval is not required for criminal complaints or protective orders, 3) the injunction does not cover state court matters, and 4) to eliminate the bond requirement. The Plaintiff's motion is GRANTED in part, and DENIED in part. The Court's injunction is hereby modified to read as follows:

IT IS HEREBY ORDERED that the Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed. In seeking such leave, the Plaintiff must present any such court with a copy of this Order. If the lawsuit or administrative proceeding names federal judges or court employees, the Plaintiff must also tender a $50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous.

The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety. However, any proceedings – whether criminal or civil – initiated against any judge or government employee for actions taken in the course of their official duties are still enjoined according to the restrictions outlined above. Failure to obey this Order, including by attempting to avoid or circumvent the intent of this Order, will be grounds for sanctions including contempt.

SO ORDERED, this 12th day of February, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge